UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**COMPASS BANK,**

    **Plaintiff,**

v.                                          Case No.  8:13-cv-1140-T-30MAP

**RAYMOND M. EVANS, III; JULIANA L. EVANS; RIVIERA BAY SUBDIVISION HOMEOWNERS ASSOCIATION, INC.; UNKNOWN TENANT IN POSSESSION,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the notice of removal (Dkt. 1), complaint (Dkt. 2), memorandum in support of notice of removal (Dkt. 3), and counterclaim against Plaintiff Compass Bank (Dkt. 4).  Upon review of these filings and being otherwise advised in the premises, the Court concludes that it lacks jurisdiction and this case should be remanded to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

On April 26, 2013, *pro se* Defendant Raymond M. Evans, III removed this action, alleging that his counterclaim, filed simultaneously with his removal, raised a federal question.  It is plain from a review of the complaint filed in state court by Plaintiff Compass Bank against Raymond M. Evans, III, Juliana L. Evans, Riviera Bay Subdivision Homeowners Association, Inc., and Unknown Tenant in Possession that this is a foreclosure action.  Specifically, the action is to foreclose a mortgage on real property located in Pinellas County, Florida.

The grounds for removal based on the existence of a federal question must appear "on the face of the plaintiff's properly pleaded complaint." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Importantly, the federal question cannot arise from a defendant's counterclaim or defense. *See Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1195-96 (11th Cir. 1991).

This Court has the obligation to examine the removal *sua sponte* to determine if the removal was proper. Here, Evans' basis for removal mistakenly relies on his counterclaim to establish a federal question; this, however, is insufficient. And the face of Compass Bank's complaint demonstrates that it is a typical foreclosure action under state law, not federal law. Accordingly, this case is not removable under these circumstances.

It is therefore ORDERED AND ADJUDGED that:

1. The Clerk is directed to remand this case to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, and provide that court with a copy of this Order.

2. The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on April 30, 2013.

**Copies furnished to:**
Counsel/Parties of Record

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

S:\Even\2013\13-cv-1140.remand.frm